UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                              CR 07-224 RHK/FLN

           Plaintiff,

        v.                                         **ORDER AND REPORT**
                                   **AND RECOMMENDATION**

David C. Von,

           Defendant.

_____

Robert M. Lewis, Assistant United States Attorney, for the Government.
Paul C. Engh, for Defendant David C. Von.

_____

The above referenced matter came before the undersigned United States Magistrate Judge on August 21, 2007, on the Defendant's Motion for Discovery, an Evidentiary Hearing, and Dismissal [#21]. The Defendant called Attorney Jon Hopeman to testify as a witness. For the reasons that follow, Defendant's Motion for Discovery, an Evidentiary Hearing, and Dismissal [#21] is denied in so far as it seeks discovery and an evidentiary hearing. It is recommended that Defendant's Motion be denied in so far as it seeks dismissal of the indictment.

## I. Findings of Fact

Defendant asks this Court to permit discovery in order to obtain evidence that he was a victim of vindictive prosecution by the Government. The essence of Defendant's vindictive prosecution claim is that this prosecution has been initiated solely in retribution for the exercise of his statutory right to file for bankruptcy. Defendant submitted a memorandum in support of his motion [#22], the Affidavit of Eric Riensche [##23, 24] and the testimony of Jon Hopeman to provide factual support relating to his claim.

Defendant is married to Susan Von. The Vons lived in Cannon Falls, Minnesota, where

Susan Von was a finance manager for a company called Sustane. Defendant was a banking executive.

During her employment with Sustane, Susan Von embezzled more than $750,000.  Sustane initiated suit in Minnesota state court against Susan Von and Defendant to recover the money that Susan Von embezzled.  Sustane was represented by Thomas Heffelfinger and his law firm of Best and Flanagan in the action against the Von's.  Defendant was represented by Attorneys Jon Hopeman and Eric Reinsche of Felhaber, Larson, Fenlon and Vogt.  Throughout the course of the civil litigation,  Hopeman testified that Heffelfinger pursued very aggressive litigation tactics that in Hopeman's opinion  were calculated to cause the Defendant substantial embarrassment and prevent him from obtaining employment in his profession.  For instance, Hopeman testified that Heffelfinger immediately filed the complaint without making an attempt to settle the case first, an uncommon practice in state court, which caused Defendant to be terminated from his employment. Hopeman also testified that Heffelfinger publicly filed an offer of settlement proposed by Defendant. Hopeman described  Heffelfinger's general demeanor as being very aggressive and disinterested in working with Defendant to settle the case, short of Defendant paying Sustane all of his assets, specifically his retirement accounts.

Hopeman testified that Defendant could not find employment in the banking industry.  As it became apparent Defendant would not be able to settle the civil lawsuit with Sustane; Hopeman referred him to a bankruptcy attorney.  On December 15, 2006, Defendant filed a petition in bankruptcy court.  The bankruptcy filing automatically stayed the civil case between Sustane and Defendant.  Hopeman testified that Heffelfinger seemed angered by the bankruptcy filing and made an unsuccessful attempt to circumvent the Bankruptcy Court's stay order.

On December 19, 2006, four days after Defendant sought the protection of the bankruptcy court, Hopeman and Reinsche received a letter from Robert Lewis, Assistant United States Attorney, suggesting "a pre-indictment resolution involving acts toward Susan Von's former employer, Sustane." (Reinsche Aff., Ex.E.)  According to Hopeman, the Government's proposal, as conveyed by Lewis, sought essentially the same resolution that Heffelfinger sought in the civil action.  In particular, both Lewis and Heffelfinger sought all of Defendant's assets, specifically all of his retirement accounts.  Hopeman testified that Lewis' letter was the first indication that Defendant might be the focus of an criminal investigation.  He testified he was surprised by the communication from Lewis because they just finished a five-week trial together and Lewis had never mentioned anything about the Von investigation.

Hopeman testified that the symmetry between offers made by Lewis and Heffelfinger was particularly unsettling because Lewis and Heffelfinger apparently have a mentor and protege relationship as demonstrated by Lewis' employment history tracking Heffelfinger's employment history.  Heffelfinger served as the United States Attorney for Minnesota from September, 2001, to February, 2006, and supervised Lewis in that capacity.  Prior to serving as the United States Attorney, Heffelfinger was a partner at Best and Flanagan where Lewis was employed.  Prior to Heffelfinger's position at Best and Flanagan, Heffelfinger was a partner at Bowman and Brooke where Lewis was also employed.  Further evidence of their close relationship is that both Heffelfinger and Lewis moved from Bowman and Brooke to Best and Flanagan on the same day.

Defendant declined the pre-indictment resolution proposed by Lewis in his letter of December 19, 2006.  On January 23, 2007, Lewis made a new proposal for pre-indictment resolution based upon the representation by Susan Von that her husband did not know of her embezzlement

scheme.  (Riensche Aff. ¶ 6.)  Lewis proposed that Defendant plead to a misdemeanor tax charge and pay restitution to Sustane of $150,000.  (Riensche Aff. ¶ 6.)  Defendant declined that offer as well.  In conveying Defendant's decision to decline Lewis' offer, Riensche indicated to Lewis  that the Government is the victim of a tax offense and restitution to Sustane would be inappropriate. (Riensche Aff. ¶ 6.)

On April 26, 2007, the Bankruptcy Court approved a settlement of the civil suit between Defendant and Sustane.  (Riensche Aff., Ex. F.)    On May 14, 2007, Lewis made yet another proposal for pre-indictment resolution that would require Defendant to plead guilty to felony tax counts and pay all of his retirement accounts to Sustane.  (Riensche Aff., Ex. G.)   Defendant also declined this proposal.

On June 27, 2007, the Grand Jury returned an Indictment [#1] charging David C. Von with conspiracy to commit offenses against the United States, mail fraud, and making false statements in bankruptcy proceedings.

## II.  Conclusions of Law

Defendant's motion for discovery is governed by the rationale in *United States v. Armstrong*, in which the Supreme Court defined the showing necessary for a defendant to obtain discovery on a selective prosecution claim.  *See United States v. Armstrong*, 517 U.S. 456, 465 (1996).   In *United States v. Hirsch*, the Eighth Circuit applied the required threshold showing for claims of selective prosecution to claims of vindictive prosecution.  *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004); *See also United States v. Dwyer*, 287 F.Supp.2d 82, 87 (D. Mass. 2003) (noting that the Second, Fourth, Sixth, and Seventh Circuits have either adopted or applied the *Armstrong* selective prosecution discovery standard to claims of vindictive prosecution).

4

In *Armstrong*, the Supreme Court held that, to be entitled to discovery, a defendant must first produce "some evidence tending to show the existence of the essential elements of the defense." *Armstrong*, 517 U.S. at 468.  In order to establish a claim of vindictive prosecution, "[i]t is the defendant's burden to show that the prosecution was brought in order to punish the defendant for the exercise of a legal right."  *United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004). Specifically, the Defendant must establish "that (1) the prosecutor harbored genuine animus toward the defendant, or was prevailed upon to bring the charges by another with animus such that the prosecutor could be considered a 'stalking horse', and (2) the defendant would not have been prosecuted except for the animus" toward the Defendant for exercising a legal right.  *United States v. Sanders*, 211 F.3d 711, 717 (2nd Cir. 2000).

Here, we will assume without deciding that Defendant has presented "some evidence" that Heffelfinger harbored an animus against  Defendant, and that Lewis was the "stalking horse" of Heffelfinger.  Defendant presented evidence that Heffelfinger aggressively litigated the civil case arising out of Susan Von's theft from her employer.  Defendant also presented employment history of Heffelfinger and Lewis to show a long and close professional relationship between the two. Defendant also created a link between Heffelfinger and Lewis in that Lewis' first offer of "pre-indictment resolution" came only four days after Defendant filed a petition in bankruptcy court and was nearly identical to the civil settlement sought by Heffelfinger.  Defendant presented evidence showing that Lewis continued to make offers for "pre-indictment resolution" that sought to recover for Heffelfinger's client, even when Sustane was not the victim of the charges to which Lewis proposed Defendant  plead guilty.  On April 26, 2007, Defendant settled the civil case with Sustane through the bankruptcy proceedings.  Defendant presented evidence that after this settlement, Lewis

still sought recovery for Sustane and actually upped the ante on the "pre-indictment resolution" by seeking a conviction to more serious charges and greater restitution than proposed in previous "pre-indictment resolutions."

While there may be some evidence that Lewis possessed a vicarious animus against the Defendant for filing bankruptcy, there is *no* evidence that the Defendant would not have been prosecuted but for this vicarious animus. In *Armstrong*, the Supreme Court held that, in order for Armstrong to be entitled to discovery on his claim of selective prosecution, he had to present "some evidence" that other defendants who could be prosecuted for the same crime with which he was charged were not. *Armstrong*, 517 U.S. at 470. In *Armstrong*, the defendant presented an affidavit from the intake coordinator for the Office of the Federal Defender stating that in the 24 cases closed in the previous year that involved the same charges as those against Armstrong, distribution of crack cocaine, all the defendants were black. *Id*. at 459. Armstrong also presented a study based on these 24 cases that listed the defendant's race, nature of all charges against them, and the status of the case. *Id*. In addition to the evidence from the Office of the Federal Defender, Armstrong presented the affidavit of his attorney that stated an intake coordinator at a drug treatment center told her that the number of caucasian users and dealers is equal to the number of minority users and dealers. *Id*. at 460. Armstrong also presented an affidavit from a criminal defense attorney stating "that in his experience many nonblacks are prosecuted in state court for crack offenses." *Id*. Finally, Armstrong presented a newspaper article asserting that persons convicted of crack cocaine offenses are being punished more severely than persons convicted of powder cocaine offenses and the persons convicted of crack cocaine offense are almost always black. *Id*. In *Armstrong*, the Supreme Court concluded that the foregoing was insufficient to constitute "some evidence" that other defendants

who could be prosecuted for the same crime with which Armstrong was charged were not charged. *Id*. at 470.

Here, a significant case involving a loss of over $ 750,000 was brought to attention of the United States Attorney's Office.  Principles of federal prosecution suggest that prosecutors have an obligation to prosecute unless there is a good reason to decline.  Prosecution could have been declined for any of a number of reasons suggested by the principles of federal prosecution; e.g. other civil remedies may be adequate, prosecution does not serve a federal interest, or effective prosecution could occur in another jurisdiction.  United States Attorney's Manual, Principles of Federal Prosecution, §§9-27.220(A), 9-27.250(A).  In this case, Defendant has the burden to come forward with "some evidence" that the prosecutor decided to go forward with the prosecution, and not decline prosecution, only because of his vicarious animus against Defendant.  As in *Armstrong*, where the Court concluded that the affidavits, case study and newspaper article did not constitute "some evidence"of a discriminatory effect, the Court here concludes that Defendant has failed to come forward with any evidence to suggest that prosecution was initiated "only because of" the vicarious animus against Von.  Even if one were to infer that the United States Attorney may be using the criminal justice system to facilitate the collection a civil debt, it would be sheer speculation to say that there is any evidence that Defendant would not be prosecuted except for the animus against him.  As Defendant has failed to present "some evidence" of an essential element of vindictive prosecution, Defendant is not entitled to discovery and his motion to dismiss the indictment must be denied.

## III.  ORDER AND RECOMMENDATION

7

Defendant's Motion for Discovery, an Evidentiary Hearing, and Dismissal [#21] is **DENIED** in so far as it seeks discovery and an evidentiary hearing.   The undersigned recommends that Defendant's Motion for Discovery, an Evidentiary Hearing, and Dismissal [#21] be **DENIED** in so far as it seeks dismissal of the indictment.


DATED: September 12, 2007.                    s/ *Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge




Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 1, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.


Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **October 1, 2007,** a complete transcript of the hearing.


This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.